

**ORDERED in the Southern District of Florida on June 21, 2011.**

Erik P. Kimball, Judge
United States Bankruptcy Court

___

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:                                              CASE NO.: 10-38136-EPK

TIMOTHY L. ALLEN and                    CHAPTER 7
LESLIE N. ALLEN,

    Debtors.
_____/

### ORDER OVERRULING TRUSTEE'S OBJECTION
### TO AMENDED CLAIMED EXEMPTIONS (ECF No. 111)

The question presented to the Court is whether the chapter 7 debtors, who previously claimed their homestead as exempt, may amend their schedule of exempt property after the initial objection deadline to delete the homestead and add personal property claimed exempt under Florida Statutes § 222.25(4). The chapter 7 trustee objects to the debtors' amended claimed exemptions. The trustee argues that because the original deadline to challenge the debtors' claimed exemptions ran without

objection, the debtors' homestead was permanently removed from the bankruptcy estate, and that the debtors are thus prohibited from amending their schedule of exempt property to delete the homestead exemption in favor of the Florida "wild card" personal property exemption.  The debtors argue that the trustee alleges no bad faith by the debtors or prejudice to creditors, and that Bankruptcy Rule 1009(a) and prevailing law in this circuit allow them to amend their schedules, including the schedule of exempt property, at any time prior to the closing of the case.  For the reasons stated below, the Court overrules the trustee's objection to the debtors' amended claimed exemptions.

This matter came before the Court for hearing on May 26, 2011 on the *Trustee's Objection to Amended Claimed Objections* (ECF No. 111, the "Objection") filed by Deborah C. Menotte as chapter 7 trustee (the "Trustee").  This order constitutes the Court's findings of fact and conclusions of law under Bankruptcy Rule 7052 made applicable to this matter by Bankruptcy Rule 9014.

Timothy L. Allen and Leslie N. Allen (together, the "Debtors") filed a joint voluntary petition under chapter 7 on September 20, 2010.  Their meeting of creditors under Bankruptcy Code § 341 was scheduled for October 26, 2010.

On October 4, 2010, the Debtors filed the majority of the schedules required under Bankruptcy Code § 521(a) and Bankruptcy Rule 1007(b), including an official form Schedule C, Property Claimed as Exempt.  The Debtors listed their residence at 1775 S.W. 2nd Avenue, Boca Raton, Florida, as an exempt homestead under Florida Constitution, Article 10, § 4(a)(1).  Both the value of the claimed exemption and the current value of the property were shown at $700,000.  The Debtors' Schedule D,

Creditors Holding Secured Claims, showed a mortgage on this real property in the amount of $932,288.  The Debtors' statement of intention filed pursuant to Bankruptcy Code § 521(a)(2) indicated their intent to retain the real property.  On October 15, 2010, the Debtors amended portions of their schedules not relating to their home.

The Trustee held and concluded the Debtors' meeting of creditors on October 26, 2010.  Under Bankruptcy Rule 4003(b), the deadline to object to the Debtors' exemptions was 30 days after the conclusion of the meeting of creditors.  Because the 30 days ran on November 25, 2010, Thanksgiving day, the deadline was the following day, November 26, 2010, pursuant to Bankruptcy Rule 9006(a)(1)(C).

On November 26, 2010, the Trustee filed a motion to extend time to object to the Debtors' exemptions, requesting an extended deadline of December 27, 2010.  This motion was granted by agreed order on December 1, 2010.  On December 15, 2010, the Trustee filed an agreed motion to further extend the deadline for objecting to the Debtors' exemptions, requesting a new deadline of January 26, 2011.  This motion was granted by agreed order on December 20, 2011.  On January 25, 2011, the Trustee filed a third agreed motion to extend the objection deadline to February 25, 2011, which motion was granted by agreed order on January 28, 2011.  As a result of these motions and orders, the deadline for the Trustee to object to the Debtors' original exemptions was February 25, 2011.  The original deadline of November 26, 2010 applied to all other parties in interest.

On January 28, 2011, the Debtors filed amendments to their Schedule F and Statement of Financial Affairs.  These amendments did not include any change to the list of property claimed as exempt or schedules supplemental thereto.

3

On February 25, 2011, the Trustee filed an objection to the Debtors' claimed exemptions, ECF No. 90, challenging the value of personal property claimed exempt by the Debtors as exceeding the $1,000 allotted under Florida Constitution, Article 10, § 4 and Florida Statutes § 222.061.[1]

On March 15, 2011, the Debtors filed an amended Schedule C. The Debtors deleted their claim of exemption for their home. In its place, the amended Schedule C reflects an aggregate of $8,000 in claimed personal property exemptions under Florida Statutes § 222.25(4), commonly known as the "wild card" exemption.

Under Bankruptcy Rule 4003(b)(1), the filing of the Debtors' amended Schedule C triggered a new objection deadline of 30 days after the date of filing of the amendment. In this case, the new objection deadline was April 14, 2011. After the filing of an amendment, a party in interest may object to any claimed exemption even if the challenged exemption was not itself the subject of amendment. *In re Ronk*, No. 05-42552-DML-7, 2006 Bankr. LEXIS 1099, at *12-13 (Bankr. N.D. Tex. June 19, 2006).

On April 13, 2011, the Trustee filed the Objection under consideration here. The Trustee argues that, upon passage of the applicable objection deadlines without challenge, the Debtors' homestead was permanently removed from property of the bankruptcy estate. According to the Trustee, "the Debtors then received such property free of the bankruptcy estate, thus precluding them from claiming a different exemption which can only be claimed at the exclusion of the homestead exemption."

On May 19, 2011, the Debtors filed a response to the Objection (ECF No. 117). The Debtors argue that Bankruptcy Rule 1009(a) permits them to amend their

---

[1] The Trustee's original objection to exemptions filed at ECF No. 90 was eventually denied as moot as a result of later amendments to the schedules and the Trustee's filing an amended objection to exemptions, discussed more fully below.

4

schedules, including Schedule C, at any time while their chapter 7 case is pending. The Debtors cite prevailing law in this circuit authorizing the bankruptcy court to deny amendments to schedules only where the objecting party shows that the debtor has acted in bad faith or the amendment will result in prejudice to creditors. The Debtors note that the Trustee claims neither bad faith nor prejudice to creditors.

The Debtors have an almost unfettered right to amend their schedules while their case remains open. "A voluntary petition, list, schedule, or statement may be amended by the debtor as a matter of course at any time before the case is closed." Fed. R. Bankr. P. 1009(a). In this circuit, the bankruptcy court may deny a debtor the right to amend his or her schedules, including the schedule of exempt assets, only "on a showing of a debtor's bad faith or of prejudice to creditors." *Doan v. Hudgins (In re Doan)*, 672 F.2d 831, 833 (11th Cir. 1982); *see also In re Jordan*, 332 B.R. 472, 475 (Bankr. M.D. Fla. 2005); *In re Talmo*, 185 B.R. 637, 645 (Bankr. S.D. Fla. 1995). The Trustee does not allege that the Debtors amended their schedules in bad faith or that the amendment will result in prejudice to creditors.

The Trustee cites several decisions for the proposition that property listed as exempt is no longer property of the estate after the expiration of the time allowed for objection to exemptions. *Taylor v. Freeland & Kronz*, 503 U.S. 638, 641-44 (1992); *Stoebner v. Wick (In re Wick)*, 276 F.3d 412, 416-18 (8th Cir. 2002); *Barsness v. Wilshire Credit Corp. (In re Barsness)*, 398 B.R. 655, 659 (Bankr. D. Minn. 2008); *Soost v. NAH, Inc. (In re Soost)*, 262 B.R. 68, 72-74 (B.A.P. 8th Cir. 2001). Each of these decisions is distinguishable from the case before this Court. In *Taylor*, the Supreme Court determined that a trustee's failure to object to the debtor's claimed exemption of the

5

proceeds from a lawsuit prevented the trustee from challenging such exemption later when the debtor obtained a significant recovery from the suit. *Taylor*, 503 U.S. at 641-44. In *Taylor*, the Supreme Court did not explicitly rule that exempt property is permanently carved out of the estate. Instead, the Supreme Court stated that while all of the debtor's property becomes part of the bankruptcy estate, the Bankruptcy Code "allows the debtor to prevent the distribution of certain property by claiming it as exempt." *Id.* at 642. In *Wick*, the Eighth Circuit considered a debtor's stated exemption of stock options with an "unknown" value, determining that the dollar value of the exemption was limited by the applicable statutory cap in Bankruptcy Code § 522(d)(5). *In re Wick*, 276 F.3d at 416-18. In *Barsness*, the bankruptcy court determined that it did not have jurisdiction over an adversary proceeding because there was "no bankruptcy estate in existence or under administration" at the time the adversary proceeding was commenced. *In re Barsness*, 398 B.R. at 659. The fact that the debtor had exempted certain property from the estate during her bankruptcy case was only a component of the court's analysis in determining that there was no remaining bankruptcy estate. *Id.* at 659-60. In *Soost*, the Eight Circuit Bankruptcy Appellate Panel considered exemptions in the context of lien avoidance under Bankruptcy Code § 522(f)(1)(A). *In re Soost*, 262 B.R. at 68.[2] None of the cases cited by the Trustee concern the effect of a debtor's amendment to the schedule of exempt assets, as permitted under Bankruptcy Rule 1009(a), after the expiration of the original objection deadline.

---

[2] The Supreme Court later ruled on issues similar to those raised in *Wick* and *Soost*. *Schwab v. Reilly*, 130 S. Ct. 2652 (2010).

The Eleventh Circuit recently addressed "whether a debtor who elects not to claim a homestead exemption and indicates an intent to surrender the property is entitled to the additional exemptions for personal property under Fla. Stat. § 222.25(4)." *Osborne v. Dumoulin (In re Dumoulin)*, No. 08-15355, 2011 U.S. App. LEXIS 9702 (11th Cir. May 10, 2011). In *Dumoulin*, as in this case, the debtor initially claimed her homestead as exempt but later amended her schedules to delete the homestead and claim additional personal property exemptions under Florida Statutes § 222.25(4). *Id.* at *1-2. The trustee in *Dumoulin* argued that the bankruptcy court "ignored the bankruptcy rules limiting the time in which a debtor can amend the schedule of assets or the statement of intention." *Id.* at *5 n.4. Although not explicitly stated in *Dumoulin*, it appears that the trustee in that case, like the Trustee here, argued that the passage of the original objection deadline for exemptions prevented the debtor from amending her list of exempt property to delete the homestead and add personal property under the Florida "wild card" exemption. In response, consistent with precedent cited above in this order, the Eleventh Circuit held that the trustee's timeliness argument must fail without a showing of bad faith by the debtor or prejudice to creditors. *Id.*

In light of the Debtors' general right to amend their schedules during the pendency of the case, in the absence of any allegation of bad faith or prejudice to creditors, the Trustee's argument must fail.

> To hold that exemption of property so separates it from the estate as to place it beyond the trustee's reach, even if the debtor, changing his or her mind, decides to amend and substitute a different piece of exempt property, is not sensible. If a debtor is to have the right to so amend, it necessarily follows that property previously exempted may be returned to the estate once its exemption is forsaken.

7

*In re Ronk*, 2006 Bankr. LEXIS 1099, at *10-11. When the amendment is not made in good faith, or when creditors will be harmed, the amendment may be denied thereby protecting the estate and parties in interest. Otherwise, a debtor may amend his or her schedules at will, including the schedule of exempt property.

For the foregoing reasons, the Court

ORDERS and ADJUDGES that the *Trustee's Objection to Amended Claimed Exemptions* (ECF No. 111) is OVERRULED.

###

Copies to:
David A Carter, Esq.

*David A Carter, Esq. is directed to serve a copy of this order on all appropriate parties and to file a certificate of service with the clerk.*